An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN M. TOWNSEND,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64916

FILED

DEC 1 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant John Townsend's petition for postconviction relief pursuant to NRS 177.315.[1] Seventh Judicial District Court, White Pine County; Steve L. Dobrescu, Judge.

On appeal from his petition filed on June 29, 1988, and his supplemental petition filed on July 12, 1995, Townsend argues that the district court erred in denying his claims without holding an evidentiary hearing. To warrant an evidentiary hearing, a petitioner must raise claims that are supported by specific factual allegations that are not belied by the record and, if true, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

Townsend presented the following claims to the district court: (1) trial counsel was ineffective for failing to call certain witnesses at trial and for preventing Townsend from testifying; (2) the State committed prosecutorial misconduct by failing to question the victim about

---

[1]The State contends that the notice of appeal in this case was untimely filed and thus this court lacks jurisdiction. This court has already rejected this argument in denying the State's motion to dismiss this appeal, and we decline to consider it further here.

15-38785

Townsend's lack of criminal intent; (3) the State committed prosecutorial misconduct by asking the victim a misleading question; and (4) the State's expert witness gave improper testimony. The district court dismissed the ineffective-assistance claims as lacking in merit. Specifically, the district court determined that Townsend failed to provide any specific factual allegations to demonstrate that trial counsel had interfered with Townsend's right to testify in his defense, and that Townsend's allegations did not demonstrate that trial counsel acted deficiently by not calling certain witnesses to testify at trial, as much of their testimony would not have been admissible. The district court dismissed the remaining claims as procedurally barred because they could have been raised on direct appeal and Townsend failed to allege good cause.

Townsend argues that the district court should have held an evidentiary hearing on his claim of ineffective assistance of trial counsel for preventing Townsend from testifying at trial, as Townsend made this ineffective-assistance allegation in his petition under oath, the record does not indicate that Townsend was canvassed about his right to testify, and it is reasonable to assume that trial counsel did not discuss with Townsend his right to testify in light of Townsend's assertion that counsel met with him only once before trial. Townsend fails to demonstrate that his single statement in his petition—that trial counsel "denied [him] the opportunity to testify in [his] own defense"—warranted relief. *See id.* at 502, 686 P.2d at 225 (stating that a petitioner is not entitled to an evidentiary hearing on "'bare' or 'naked' claims for relief, unsupported by any specific factual allegations"). Townsend provided no explanation in his petition as to how counsel prevented him from testifying, he made no allegation that he was unaware of his right to testify, and he did not assert that he actually wanted to testify or explain how his testimony would have affected the

outcome of the trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (requiring a petitioner to demonstrate both deficient performance and prejudice to establish ineffective assistance of counsel). Therefore, we conclude the district court did not err in denying this claim without holding an evidentiary hearing.

Townsend also argues that the district court erred in denying his other claims without holding an evidentiary hearing. Townsend does not specifically dispute the district court's factual findings or conclusions of law as to those claims. Rather, he blames postconviction counsel for failing to request an evidentiary hearing, for failing to investigate and adequately supplement the claims raised in his petition, and for failing to allege good cause for the procedural default of the prosecutorial misconduct and expert testimony claims. Townsend's complaints about postconviction counsel's performance do not demonstrate that the district court erred in failing to hold an evidentiary hearing on these claims.

Townsend appears to contend that, in declining to hold an evidentiary hearing, the district court should not have relied solely on the allegations contained in the petition and supplemental petition because other documents in the record indicated that Townsend was dissatisfied with trial counsel. Townsend lists numerous concerns about trial counsel, including counsel's failure to: (1) meet with Townsend more than once before trial; (2) investigate evidence requested by Townsend; (3) subpoena an expert to negate any criminal intent; (4) qualify Townsend's counselor as an expert; (5) file pretrial motions to exclude evidence, including Townsend's statements to a detective; (6) request an independent psychological examination of the victim or of Townsend; and (7) file a motion for an independent defense expert. Townsend did not present any of these allegations to the district court in either his petition or

supplemental petition, and he provides no authority for his contention that the district court was required to infer these allegations from the record. Thus, he fails to demonstrate any error by the district court. To the extent that he seeks our review of these allegations on appeal, we decline to consider them in the first instance. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 103 P.3d 25 (2004).

The remainder of Townsend's arguments on appeal relate to the performance of his postconviction counsel who represented him during the district court proceedings. Townsend alleges that postconviction counsel provided ineffective assistance by failing to meet with him, supplement all of the claims raised in his pro se petition, and investigate and raise additional claims. His claims of ineffective assistance of postconviction counsel were not raised before the district court, and we decline to consider them in the first instance. *See id.*

For the foregoing reasons, we conclude that Townsend has failed to demonstrate that the district court erred in denying his claims without an evidentiary hearing, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

 

cc:   Hon. Steve L. Dobrescu, District Judge
Kirsty E. Pickering Attorney at Law
Attorney General/Carson City
White Pine County District Attorney
Attorney General/Ely
White Pine County Clerk